IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FOUNDRY INSURANCE AGENCY, INC., | : | CIVIL ACTION NO. 1:05-CV-0734 |
| | : | |
| | : | (Judge Conner) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| EMPLOYERS INSURANCE OF WAUSAU, INC., F/K/A EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY, and WAUSAU BUSINESS INSURANCE COMPANY, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is a motion of defendants, Employers Insurance of

Wausau, Inc., and Wausau Business Insurance Company (collectively "Wausau"),

to dismiss or to stay proceedings in this case, in which plaintiff, Foundry Insurance

Agency, Inc. ("Foundry"), demands indemnification for legal expenses incurred in

defending against certain insurance claims.  Wausau argues that this case is

unnecessarily duplicative of a parallel state action currently pending in Ohio.[1]  The

court concludes, under the particular circumstances involved, that abstention is

not warranted.

The dispute in this case centers on an indemnification clause, included as

part of an insurance solicitation agreement, under which Foundry and Wausau

---

[1] See Employers Ins. of Wausau v. Ingersoll-Rand Co., No. 2005-CV-0090
(Ohio Ct. Com. Pl. Auglaize County commenced Mar. 24, 2005).

each agreed to reimburse the other for expenses caused by its acts or omissions.

The clause was interpreted by this court, in a declaratory judgment action

commenced by Foundry in February 2002 and resolved in May 2003, to require

Wausau to indemnify Foundry for legal expenses incurred in defending against

claims by a third-party that Foundry breached its contractual and fiduciary duty

to warn the third party about gaps in insurance coverage issued by Wausau.[2]  This

decision was not appealed.  Thereafter, several assignees of the third-party's

interests brought similar claims against Foundry.  These claims were subsequently

dismissed, and Foundry demanded reimbursement of legal fees and costs.  Wausau

refused and, soon thereafter, commenced a separate action in an Ohio court of

common pleas for a declaration that the indemnification clause did not apply.[3]

Foundry responded by filing the complaint *sub judice*, seeking an award of

monetary damages, a finding of contempt against Wausau, and an injunction

precluding further state litigation.  (Docs. 1, 6, 7, 9).

 Although the similarities between the cases currently pending before this

and the Ohio court arguably provide a basis for abstention, other considerations

militate in favor of retaining jurisdiction.  See Ryan v. Johnson, 115 F.3d 193, 195-99

(3d Cir. 1997) (stating that court should decline to exercise jurisdiction over parallel

---

[2] These claims are described more fully in the memorandum accompanying
the prior judgment of this court, see Foundry Ins. Agency, Inc. v. Employers Ins. of
Wausau, Inc., No. 1:02-CV-0212 (M.D. Pa. May 15, 2003) (referring to these claims as
"post-acquisition claims"), familiarity with which is presumed.

[3] See Employers Ins. of Wausau v. Ingersoll-Rand Co., No. 2005-CV-0090
(Ohio Ct. Com. Pl. Auglaize County commenced Mar. 24, 2005).

case only when warranted by "exceptional circumstances") (citing <u>Moses H. Cone</u>

<u>Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 19-24 (1983); <u>Colo. River Water</u>

<u>Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976)).  Neither court has

obtained jurisdiction over a *res* necessary for resolution of the case, and neither

court possesses the exclusive means by which to accord full relief to all interested

parties.[4]  There is no indication that this forum would be particularly inconvenient

for any of the parties; nor is there any federal policy in favor of state jurisdiction

(or against federal jurisdiction) in these circumstances.  To the contrary, the parties

previously appeared before this court and obtained a definitive construction of the

indemnification clause at issue, based on *Wisconsin* law.[5]  The court has experience

with this case, and the Middle District of Pennsylvania represents a reasonable

forum for adjudication of the dispute.  Abstention is not warranted.  <u>See</u> <u>id.</u>

However, the court will grant the motion to dismiss with respect to

Foundry's demands for a finding of contempt against Wausau and an injunction

barring further state litigation.  Both of these claims are premised on the mistaken

assumption that the prior judgment of this court perforce precludes all future

litigation relating to the indemnification clause.  (<u>See</u> Doc. 1 at 11-13).  It does not.

---

[4] Wausau suggests that several non-diverse assignees of the third-party's interests would be obligated to indemnify Wausau for any monetary judgment awarded to Foundry in this case.  If so, these parties may presumably be named as third-party defendants in this case.  <u>See</u> FED. R. CIV. P. 14(a); <u>see also</u> 28 U.S.C. § 1367(a).

[5] <u>See</u> <u>Foundry Ins. Agency, Inc. v. Employers Ins. of Wausau, Inc.</u>, No. 1:02-CV-0212, slip op. at 6-7 (M.D. Pa. May 15, 2003).

The prior judgment simply construed the indemnification clause and, after applying that construction to the specific claims at issue, found that Wausau was obligated to reimburse Foundry for legal expenses incurred in defending against those claims.[6]  The court expressly declined to reach the possible application of the indemnification clause to potential claims by other parties.  Wausau did not "disobey" the prior judgment by bringing the state declaratory judgment action, see Harris v. City of Philadelphia, 47 F.3d 1311, 1326 (3d Cir. 1995) (noting that claim of contempt requires proof of disobedience of a court order), and any overlap in issues presented in the previous and current cases can be addressed through application of preclusion doctrines,[7] see Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001) (noting that claim for injunctive relief requires proof of inadequacy of legal remedy).  Neither a finding of contempt nor issuance of an injunction would be appropriate under these circumstances.  The claims will be dismissed.

An appropriate order will issue.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        August 8, 2005

_____

[6] See id. at 10-13 & n.7.

[7] See RESTATEMENT (SECOND) OF JUDGMENTS §§ 17, 24 (discussing preclusion doctrines); see also Univ. of Md. v. Peat Marwick Main & Co., 923 F.2d 265, 275-76 (3d Cir. 1991) ("The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may [have preclusive effect].").

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FOUNDRY INSURANCE AGENCY, INC.,** | : | **CIVIL ACTION NO. 1:05-CV-0734** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **EMPLOYERS INSURANCE OF** | : | |
| **WAUSAU, INC., F/K/A EMPLOYERS** | : | |
| **INSURANCE OF WAUSAU, A** | : | |
| **MUTUAL COMPANY, and WAUSAU** | : | |
| **BUSINESS INSURANCE COMPANY,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 8th day of August, 2005, upon consideration of defendant's

motion to dismiss or stay (Doc. 5), and for the reasons set forth in the

accompanying memorandum, it is hereby ORDERED that the motion (Doc. 5) is

GRANTED to the extent that the third and fourth counts of the complaint (Doc. 1)

are DISMISSED.  The motion (Doc. 5) is otherwise DENIED.


                                      S/ Christopher C. Conner
                                      CHRISTOPHER C. CONNER
                                      United States District Judge